# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:15-cv-196 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| EDWIN F. REILLY II, KIMBERLY REILLY, and PENNSYLVANIA DEPARTMENT OF REVENUE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Pending before the Court is Defendant Edwin Reilly's "Challenge to a Lack of Jurisdiction" (ECF No. 7). Although Edwin Reilly cites a surfeit of authority in his brief in support of his "Challenge" (ECF No. 8), he fails to explain under which provision of the Federal Rules of Civil Procedure his filing is made. Nevertheless, the Court will construe Edwin Reilly's Challenge as a motion to dismiss for lack of subject-matter and personal jurisdiction under Federal Rule of Civil Procedure 12(b)(1)-(2). For the reasons that follow, Edwin Reilly's motion to dismiss is **DENIED**.

## I. Background

On July 24, 2015, the United States initiated this action against Edwin F. Reilly II and Kimberly Reilly to collect allegedly unpaid federal income-tax liabilities. (ECF No. 1 ¶ 1.) The Government seeks to reduce to judgment the tax assessments made against Reilly[1] for the years 1999 through 2009. (*Id.* ¶ 1.) As of July 1, 2015, those tax assessments amounted to $331,868.

---

[1] The Court will refer to Defendant Edwin F. Reilly as "Reilly" throughout this Memorandum Opinion.

(*Id.* ¶ 12.) The Government seeks also to foreclose on federal-tax liens and sell two parcels of property—namely property located at 101-03 Walnut Street, Altoona, PA 16601 and 1427 First Street, Altoona, PA 16601. (*Id.* ¶¶ 1, 13-24.)

On December 7, 2015, Reilly filed a "Challenge to a Lack of Jurisdiction" (ECF No 7). The Government filed an opposition to Reilly's Challenge (ECF No. 9) and Reilly filed a response to the Government's opposition (ECF No. 10).

## II. Discussion

Reilly's brief is mostly incoherent, but the gist of his argument seems to be that this Court should dismiss the Complaint against him because he is not a citizen of the United States, but "a Citizen of a State." (ECF No. 8 at 1.) Reilly elaborates on this argument somewhat in his reply brief, where he appears to argue that jurisdiction is lacking because he has not consented to the laws of the federal government. (*See* ECF No. 10 at 11.)

Although Reilly cites a wealth of legal authority, his argument has no basis in law. He repeatedly cites the United States Constitution, but appears to have overlooked the Fourteenth Amendment, which provides that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." Thus, the Fourteenth Amendment establishes simultaneous state and federal citizenship. And contrary to Reilly's assertion, it is immaterial whether a person consents to federal law; the "[l]aws of the United States apply to all persons within its border." *United States v. James*, 328 F.3d 953, 954 (7th Cir. 2003)

Reilly's argument is not a novel one; other litigants have argued that they are not citizens of the United States, but are solely citizens of a sovereign state and therefore not subject

to federal taxation. Courts have uniformly rejected this argument. *See, e.g.*, *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (rejecting "shop worn" argument that defendant is a citizen of the "Indiana State Republic" and therefore beyond federal jurisdiction); *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) (rejecting defendants' argument that they were "not citizens of the United States, but rather 'Free Citizens of the Republic of Minnesota' and, consequently, not subject to taxation"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (labeling defendant's argument that "he cannot be punished under the tax laws of the United States because he is a citizen of the sovereign state (the 'Republic') of Idaho" as "completely without merit" and "patently frivolous"); *United States v. Sloan*, 939 F.2d 499, 500 (7th Cir. 1991) (rejecting defendant's argument that federal tax laws did not apply to him because he was a "freeborn, natural individual, a citizen of the State of Indiana, and a 'master'—not 'servant'—of his government"); *United States v. Ward*, 833 F.2d 1538, 1539 (11th Cir. 1987) (finding defendant's argument that he was not an "individual" located within the jurisdiction of the United States to be "utterly without merit"); *O'Driscoll v. Internal Revenue Service*, No. 91-2074, 1991 U.S. Dist. LEXIS 9829, at *5-6 (E.D. Pa. 1991) ("despite [taxpayer's] linguistic gymnastics, he is a citizen of both the United States and Pennsylvania, and liable for federal taxes"). And the list goes on.

There is no indication that this Court lacks subject-matter jurisdiction to hear this case, and Reilly has offered no serious argument to the contrary. Federal district courts have jurisdiction over cases seeking to reduce tax assessments to judgment and foreclose on federal tax liens. 28 U.S.C. § 1340; 26 U.S.C. §§ 7402-03. Thus, because this is a federal tax-collection and foreclosure case, this Court has subject-matter jurisdiction.

Furthermore, there is no indication that this Court lacks personal jurisdiction over Reilly. Reilly has not alleged any facts that would cast doubt over this Court's personal jurisdiction over him. Moreover, the Government's Complaint alleges that Reilly resides and owns property within the Commonwealth of Pennsylvania. This suggests Reilly is domiciled in Pennsylvania, which would give this Court personal jurisdiction over Reilly pursuant to 42 Pa. Cons. Stat. § 5301(a)(1)(ii). And even if Reilly was not domiciled in Pennsylvania, his ownership of property in Pennsylvania would give this Court personal jurisdiction over Reilly pursuant to 42 Pa. Cons. Stat. § 5322(a)(5).

Thus, this Court has both subject-matter and personal jurisdiction over Reilly.

### III. Conclusion

Edwin Reilly's "Challenge to a Lack of Jurisdiction" (ECF No. 7) is **DENIED**. A corresponding Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | Case No. 3:15-cv-196 |
|---|---|---|
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| EDWIN F. REILLY II, KIMBERLY REILLY, and PENNSYLVANIA DEPARTMENT OF REVENUE, | ) | |
| Defendants. | ) | |

## ORDER

**NOW**, this 16th day of December 2016, upon consideration of Defendant Edwin Reilly's "Challenge to a Lack of Jurisdiction" (ECF No. 7) and for the reasons set forth in the Memorandum Opinion accompanying this Order, it is **HEREBY ORDERED** that Defendant Edwin Reilly's "Challenge to a Lack of Jurisdiction" (ECF No. 7) is **DENIED**.

Therefore, pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Defendants' responsive pleading is due within 14 days of Defendants' receipt of this Order.

BY THE COURT:

*/s/ Kim R. Gibson*

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE